ALBERTO TIRADO, JR., Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 45A05-0812-CR-709.
Court of Appeals of Indiana.
June 24, 2009.
JAMES R. REED, Morocco, Indiana, ATTORNEY FOR APPELLANT.
GREGORY F. ZOELLER, Attorney General of Indiana, JODI KATHRYN STEIN, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
MATHIAS, Judge.
Alberto Tirado, Jr., ("Tirado") pleaded guilty in Lake Superior Court to Class D felony criminal recklessness, Class A misdemeanor carrying a handgun without a license, and two counts of Class A misdemeanor resisting law enforcement and was sentenced to an aggregate term of three and a half years. On appeal, Tirado presents two arguments which we restate as:
I. Whether the trial court considered improper aggravating factors in sentencing; and
II. Whether Tirado's sentence is inappropriate in light of his character and the nature of the offenses.
We affirm.

Facts and Procedural History
On April 22, 2008, Tirado was out on bond on two misdemeanor charges unrelated to the instant crimes. Tirado, and his fellow members of the "Latin Kings" street gang, were in East Chicago, Indiana, when another group of men began shouting "I.G." and "409," references to a rival street gang. Tr. pp. 49-50. A fight quickly ensued during which Tirado hit Marcos Mercado ("Mercado") in the head with a baseball bat, causing Mercado to fall to the ground. As a result of this fight, Tirado was charged in cause number 45G04-0805-FC-66 ("Cause FC-66") with Class C felony battery with a deadly weapon. Tirado then posted $20,000 bond imposed in this cause and was released.
On July 21, 2008, while out on bond in Cause FC-66 and the prior charges, Tirado was a passenger in a vehicle which was stopped by the police in East Chicago. When the vehicle came to a stop, Tirado got out of the vehicle and fled on foot despite having been ordered to stop by the police. When the police caught Tirado, he continued to struggle. After Tirado was subdued, the police searched him and discovered that he had a loaded handgun. Tirado did not have a handgun permit. As a result of this incident, the State charged Tirado in cause number 45G04-0807-FD-72 ("Cause FD-72") with Class A misdemeanor carrying a handgun without a license and two counts of Class D felony resisting law enforcement.
On October 22, 2008, Tirado pleaded guilty pursuant to a consolidated plea agreement which covered both Cause FC-66 and Cause FD-72. Specifically, Tirado pleaded guilty to Class D felony criminal recklessness in Cause FC-66, and in Cause FD7-2 pleaded guilty to Class A misdemeanor carrying a handgun without a license and two counts of Class A misdemeanor resisting law enforcement. Pursuant to the plea agreement, the sentences imposed in Cause FD-72 were to be served concurrently with each other but consecutive to the sentence imposed in Cause FC-66.
At a sentencing hearing held on October 24, 2008, the trial court found three aggravating factors: (1) that Tirado had violated his bond on two prior misdemeanor cases when he committed the battery charged in Cause FC-66; (2) that Tirado was out on bond in three pending cases when he committed the crimes charged in Cause FD-72; and (3) that the nature and circumstances of the fight involving the baseball bat were the result of "unnecessary, unwarranted gang violence and [were] unexplainable in a civilized society." Tr. p. 56. The trial court also found three mitigating factors: (1) that Tirado had pleaded guilty and accepted responsibility for his actions; (2) that Tirado had no prior criminal convictions; and (3) that Tirado was only eighteen years old at the time. The trial court concluded that the aggravating factors outweighed the mitigating factors and sentenced Tirado to three concurrent one-year sentences for each Class A misdemeanor conviction in Cause FD-72, and to a two and a half year sentence for the Class D felony conviction in Cause FC-66. Pursuant to the plea agreement, the sentences in Cause FD-72 were ordered to be served consecutively to the sentence in Cause FC-66, for an aggregate term of three and a half years. Tirado now appeals.

I. Aggravating Factors
Tirado first claims that the trial court erred by considering an improper aggravating factor. In addressing this claim we emphasize that sentencing decisions rest within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. As explained in Anglemyer, a trial court can abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. Id. at 490-91.
Here, Tirado claims that the trial court improperly considered as an aggravating factor that he used a baseball bat in the commission of the battery. Tirado specifically refers to a statement made by the trial court when Tirado's sister testified at the sentencing hearing. When the trial court asked Tirado's sister why her brother fought with a baseball bat instead of his fists, she responded, "stupidity." Tr. p. 40. However, as noted by the State, the trial court never actually identified Tirado's use of a baseball bat as an aggravating factor when it imposed sentence. The trial court did note that it had "considered the nature and circumstances of the crimes committed," but never specifically identified the use of a bat as an aggravating factor. See tr. pp. 55-59. Because the trial court did not state that it considered Tirado's use of a baseball bat as an aggravating factor, Tirado's argument fails.
Tirado also claims that the trial court improperly enhanced his sentence to "send a personal philosophical or political message." Appellant's Br. p. 8. Tirado specifically complains about the trial court's statement at sentencing that "the nature and circumstances of the crime committed are such that this, in [Cause 66] are the result of unnecessary, unwarranted gang violence and unexplainable in a civilized society." Tr. p. 56. After imposing sentence, the trial court further stated, "gang banging and senseless acts of violence have no room in a civilized society." Tr. p. 58.
In support of his argument, Tirado cites Nybo v. State, 799 N.E.2d 1146 (Ind. Ct. App. 2003), wherein the trial court indicated during sentencing that it believed that the State had been too lenient in charging the defendant and used this to justify imposition of the maximum sentence. On appeal, the Nybo court noted that a trial court's desire to send a personal philosophical or political message is not a proper reason to aggravate a sentence. Id. at 1152. The court held that "[i]f the trial court was displeased with [Nybo]'s plea agreement, it had the discretion to reject it. On the other hand, it cannot accept the plea agreement, then punish [Nybo] at sentencing for the State's perceived leniency in striking the deal in the first place." Id.
In contrast to Nybo, the trial court here indicated no displeasure with the plea agreement. To the contrary, the court noted that it was "not overly excited about putting an 18-year-old in prison like I have done today. It is very rare that I ever do it." Tr. p. 58. The trial court considered the totality of the facts and circumstances of the battery committed: Tirado viciously attacked someone simply because they were a member of a rival gang. The nature and circumstances of an offense have long been held to be valid aggravating factors. Anglemyer, 868 N.E.2d at 492. In short, Tirado has not convinced us that the trial court erred in its identification of aggravating factors.

II. Appellate Rule 7(B)
Tirado also claims that the sentence imposed by the trial court is inappropriate. Pursuant to Indiana Appellate Rule 7(B), this court may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." On appeal, it is the defendant's burden to persuade us that the sentence imposed by the trial court is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). This is a burden Tirado has not met.
With regard to the nature of the offense, we agree with the trial court that Tirado's behavior has no place in a civilized society. Tirado hit his victim in the head with a baseball bat simply because members of a rival gang had shouted gang slogans at him. When his victim fell to the ground, Tirado continued to punch and kick him and yelled back, "King love," an obvious reference to Tirado's gang. Appellant's App. p. 39. While out on bond for the battery charge, Tirado fled from police officers while armed with a handgun.
Considering the character of the offender, we note that Tirado tried to trivialize his offense by stating that it was "just a gang fight. That is all it was." Tr. p. 48. At the time he committed the battery charged in Cause FC-66, Tirado was on bond on two unrelated misdemeanor cases, in which the pending charges included carrying a handgun without a license, resisting law enforcement, and disorderly conduct. When he was released on bond in Cause FC-66, Tirado resisted law enforcement and was again found carrying a handgun without a license as charged in Cause FD-72. Tirado admitted that he has smoked marijuana since he was fifteen years old and consumes alcohol on the weekends. Even though Tirado had not yet been convicted of a criminal offense at the time of his sentencing, his behavior thus far had been anything but law-abiding.
Giving due consideration to the trial court's sentencing decision, we conclude that Tirado has not met his burden of establishing that his aggregate three and a half year sentence is inappropriate in light of the nature of his offense and the character of the offender.

Conclusion
The trial court did not consider improper aggravating circumstances, and Tirado's three and a half year sentence is not inappropriate in light of the nature of the offender and the character of the offense.
Affirmed.
RILEY, J., and KIRSCH, J., concur.